IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (385) 625-9122 | Case No.  2:25mj791 CMR<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Juan Munoz, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (385) 625-9122 (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI") and have been so employed since September 2015.  Prior to this, I was a Border Patrol Agent with the United States Border Patrol, from 2008 to 2015.  I successfully completed the Criminal Investigator Training Program ("CITP") at the Federal Law Enforcement Training Center ("FLETC").  These courses consisted of classes in federal law, evidence handling, interviewing techniques, immigration and gang related investigations, and tactical training in the execution of search and arrest warrants.

3. My responsibilities include the enforcement of federal laws, and I have participated in several fugitive investigations. This affidavit is based on my own investigation, oral and written reports by other law enforcement officers, physical surveillance, interviews,

database and public records checks, searches, and other investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter. My interpretations of certain statements or words are based upon my knowledge of this investigation and my training and experience, including my experience investigating immigration, gangs and other related crimes. I learned the matters set out in this affidavit from my review of reports, records, affidavits, etc., through discussions with other law enforcement officers/personnel, and from my own investigation which caused me to believe the information to be true. Dates and times are approximate.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. The purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. The Target Cellular Device is presently being utilized by Alexis Ramon Perozo MONASTERIOS ("MONASTERIOS"). Your affiant submits there is probable cause to believe the Target Cellular Device is currently located somewhere within the District of Utah. On or about July 31, 2025, members of the investigative team applied for and received a precision location ("ping") warrant in Dallas County, Texas. The purpose of that warrant was to locate the Target Cellular Device. Pursuant to that warrant, the investigative team has received general location information for the Target Cellular Device; however, the information is not sufficiently specific to locate the device. As recently as August 27, 2025, the investigative team has received data pursuant to the "ping" warrant that the Target Cellular Device is located in the Orem, Utah area. The listed number above was being used by MONASTERIOS during the

investigation. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued. The requested cell-site simulator shall *not* be deployed outside the District of Utah, even if information suggests that the Target Cellular Device has left the District.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that MONASTERIOS is illegally present in the United States. On October 3, 2023, a United States Immigration Judge in New York ordered MONASERIOS removed from the United States pursuant to 8 USC 1182. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting MONASTERIOS, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. On or about April 26, 2023, MONASTERIOS entered the United States illegally in violation of 8 U.S.C. § 1325 and was arrested by United States Border Patrol. MONASTERIOS was released on his own recognizance pending an immigration hearing.

9. On October 3, 2023, MONASTERIOS failed to attend his immigration hearing and was ordered removed (in absentia) by a United States Immigration Judge. MONASTERIOS has an active Immigration and Customs Enforcement (ICE) deportation final order of removal and is currently a fugitive at large.

10. On August 27, 2025, I was informed by ICE deportation officers (DO) that a Source of Information (SOI) contacted ICE ERO DO Todd Ankenbauer and informed him that MONASTERIOS was wanted for murder in Venezuela. SOI provided MONASTERIOS' last known address in Dallas, Texas. The information was forwarded to ICE ERO office in Dallas.

11. In collaboration with, DPS, CID and FBI, an investigation was initiated and revealed that MONASTERIOS was indeed a fugitive from Venezuela and an illegal alien with a final order of removal. On or about August 6, 2009, MONASTERIOS was convicted of murder and sentenced to seventeen (17) years in prison in Venezuela, but escaped prior to completion of his sentence and fled Venezuela. There is a warrant for MONASTERIOS arrest out of Venezuela (Warrant Number 51091). I have verified that MONASTERIOS is the same person noted on the warrant via a booking photo from Venezuela and identifiers matching that of MONASTERIOS obtained from U.S. Immigration Records.

12. Additionally, the investigative team has received information indicating that MONASTERIOS has another warrant out of Venezuela for the offense of rape. That second warrant is currently pending verification.

13. MONASTERIOS was identified by ICE Enforcement Removal Office (ERO) Deportation Officer Miguel Miranda with the ICE Fugitive Operations Unit as a suspected Tren De Aragua (TDA) gang member involved in transnational crimes. MONASTERIOS reportedly has known ties and affiliations with documented TDA gang members in Venezuela and within the United States.

14. A Source of Information (SOI) working with ICE ERO contacted MONASTERIOS via WhatsApp Target Cellular Device on or about July 30, 2025. The SOI has a history of providing accurate information on numerous other occasions. *(Agent's Note:*

*WhatsApp is a secure encrypted communication application that is often utilized by fugitives and those involved in criminal enterprises to communicate with third parties).*

15. The Target Cellular Device is registered through T-Mobile to a Luis Enrico Chavez. (Agent's note: WhatsApp application is downloaded and used in conjunction with registered telephone numbers.) Based on my training and experience, MONASTERIOS is likely using Target Cellular Device in addition to the WhatsApp secure communication platform because Target Cellular Device shows to be an active T-Mobile registered telephone number. Furthermore, there has been no ties identified between registered subscriber Chavez and MONASTERIOS. Based on my training and experience, I know that fugitives often use phones registered under aliases, counterfeit or false identifications, or unaffiliated third parties to conceal their identity and evade law enforcement apprehension.

16. On or about July 31, 2025, the Texas Department of Public Safety applied for and obtained a Pen Register and Trap and Trace State warrant out of the District Court of Dallas County, Texas under Case# 545H-DL-3503872. At the time, investigators believed MONASTERIOS was located somewhere in the Dallas area. However, during the monitoring period, investigators realized that MONASTERIOS Target Cellular Device was pinging in the State of Utah and not in Texas. The monitoring period was approved for sixty (60) days from the date and time of the issuance of the order, or until the suspect(s) arrest, and/or the completion of the investigation, whichever is earlier.

17. As of August 27, 2025, the Target Cellular Device was pinging in the Orem, Utah area with a proximity area of 549 meters. Due to the large proximity range area, investigators have not been able to locate MONASTERIOS.

18. MONASTERIOS' current location is unknown; he is a suspected TDA gang member linked with two separate violent warrants, illegally in the country with a final order of removal and believed to be connected to a transnational criminal enterprise.

## MANNER OF EXECUTION

19. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

20. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

21. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone

identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

22.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

23.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. See 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

26. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

JUAN J MUNOZ
Digitally signed by JUAN J MUNOZ
Date: 2025.08.29 15:48:18 -06'00'

Juan Munoz
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on August 29, 2025

_Cecilia M. Romero_
CECILIA M. ROMERO
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (385) 625-9122. The wireless provider is T-Mobile and listed subscriber is **Luis Enrico Chavez**.

**ATTACHMENT B**

Pursuant to an investigation of MONASTERIOS for violation of 8 USC § 1325 and 8 USC § 1182, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).